# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 25, 2011 Session

## STATE OF TENNESSEE v. DAVID INGRAM OWNBY, ALIAS

### Appeal from the Criminal Court for Knox County
### No. 91543 _____ Jon Kerry Blackwood, Senior Judge

---

### No. E2011-00543-CCA-R3-CD - Filed May 3, 2012

---

JAMES CURWOOD WITT, JR., J., concurring.

I concur in that the facts of the case would engender a reasonable suspicion that the defendant was driving while impaired. I would emphasize that the presence of the defendant's vehicle headed in the wrong direction in the restaurant's drive-through lane, in addition to the condition of the driver, is the fact that justifies the seizure.

By contrast, in *State v. James David Moats*, No. E2010-02013-CCA-R3-CD (Tenn. Crim. App., Knoxville, Nov. 8, 2011), the police officer who arrested Mr. Moats for driving under the influence originally observed him at about 2:00 a.m. as he was sitting in his car parked in the parking lot of a grocery store. The store was closed at that hour. The officer drove her cruiser up to Mr. Moats's vehicle and activated her blue lights. The trial court denied Mr. Moats's motion to suppress the discovery of evidence of his intoxication, but this court reversed, stating

> Under the authority of [*State v.*]*Williams*, [185 S.W3d 311 (Tenn.2006),] it is clear that Sergeant Bige seized the defendant the moment she activated her emergency lights because the use of the lights was a show of authority and a reasonable citizen would not have felt free to leave. *See* [*Williams*, 185 S.W.3d] at 317. She was not performing a community caretaking function because, as she testified, there was no indication that the defendant needed assistance nor was there any other evidence that she needed to activate the lights for safety reasons. Additionally, Sergeant Bige had no reasonable

suspicion of illegal activity. She testified that she thought it was strange that a truck was parked in the grocery store parking lot near 2:00 a.m. with its lights on. Essentially, she had an "inchoate and unparticularized suspicion or hunch," which does not rise to the level of reasonable suspicion. *Terry* [*v. Ohio*, 392 U.S. 1, 27 (1968)]. Without reasonable suspicion, her seizure of the defendant violated the constitutional prohibition against unreasonable seizures. Therefore, we conclude that the evidence does not support the trial court's findings and reverse the trial court's determination that the officer did not seize the defendant without reasonable suspicion when she activated her emergency lights.

*Id.*, slip op. at 6.

In *James David Moats*, the presence of a sleeping or inattentive person in a vehicle that is not parked so as to suggest that an impaired driver parked it did not, without more, justify a reasonable suspicion to seize the person. By contrast, in the present case, the defendant was not only sleeping or unconscious in his vehicle but also had apparently parked it in a manner that suggested his impairment.

Given the likely frequency with which officers discover sleeping drivers inside their parked vehicles, I believe the distinction made above is important.

_____
JAMES CURWOOD WITT, JR., JUDGE

-2-